HUMBERTO L. NIEVA, Plaintiff and Appellee, v. E. SOLÉ & Co., S. en C., Defendant and Appellant; and ORLANDO PALMER, MARSHAL OF THE DISTRICT COURT OF MAYAGÜEZ, Defendant.

No. 8928. Argued January 16, 1945.—Decided April 12, 1945.

*Miranda & Miranda Esteve* for appellant. *José Rosario Gelpí* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This appeal was taken from a judgment granting a permanent injunction against the appellant and the Marshal of the District Court of Mayagüez, staying a judicial proceeding brought by appellant E. Solé & Co., *S. en C.*, against appellee for the foreclosure of a chattel mortgage. On May 25, 1942, the appellant sold an automobile to the appellee for the amount of $578. As evidence of the installment price, the appellee executed and delivered eleven promissory notes for $52.62 each to the order of the appellant, the first of which was to become due on June 15, 1942, and the others on the 15th of each month thereafter. In order to secure the notes and an additional credit for costs, expenses, and attorney's fees, the appellee executed a chattel mortgage on the automobile, in favor of the appellant, which was duly recorded in the registry of property.

Appellant alleged that the appellee paid punctually the installments due until September 15, 1942. Subsequently, the appellee paid at San Juan through an agent the installment which was due on October 15, 1942, which payment was received by the manager of the firm who delivered to the agent the-note belonging to October 15, 1942. The manager then handed the money to the employee in charge, and since the latter did not find the note which matured on October 15—

as it had been delivered by the manager—he thought that the amount which had been paid belonged to the note of November 15, and mailed it to appellee to his Mayagüez address. On December 15, instead of paying directly at San Juan the installment belonging to the month of November, the appellee went to appellant's agents at Mayagüez and showing them the cancelled note belonging to November 15, told them that he wished to pay the installment belonging to December 15, and in fact paid the $52.62. Since the appellant's agents did not have with them any of the notes, they executed and delivered to the appellee a provisional receipt for said amount. When the appellant was notified of the payment made by the appellee at the branch office in Mayagüez, it credited the amount paid on December 15, 1942, to the note which was due on November 15, of that year, which according to the appellant had not been paid till then and had been held by the appellee by reason of the alleged error. On December 30, 1942, the appellant asked the appellee to pay the outstanding note of December 15, 1942, within a period of five days, and on January 15, 1943, the appellee sent a money order for the amount of $52.62, whereupon the note belonging to December 15, 1942, was sent to him. On February 8, 1943, the appellant was again required to pay the note due on January 15, which he refused to do on the ground that he had paid it with the above-mentioned money order and asked the appellant to send him the corresponding note. Since the appellant did not send the note belonging to January 15, because in its opinion it had not been paid, and since the appellee failed to pay the notes belonging to February 15 and March 15, 1943, as well, the appellant, availing itself of the provisions of § 14 of the Act relating to personal property mortgages, Act No. 19 of 1927, p. 490, in the month of March,[1] sought from the marshal of the district court that the automobile be sold at public auction. In the

---

[1] According to the contract, when a note becomes due and is left unpaid, all the subsequent installments shall be considered due.

petition addressed to the marshal of the district court it was stated that the claim was for the amount of 3 notes, to wit, those belonging to February, March, and April, inasmuch as the appellant alleged that it waived its right to collect the note which matured in January, in order to avoid unnecessary complications in the proceedings; it also claimed the amount of $165 stipulated in the contract for costs, expenses, and attorney's fees in case of foreclosure. In connection with the seizure and sale of the automobile by the marshal, the appellant delivered to said officer a bond for $600 as provided by the above-mentioned § 14. After the marshal had seized the automobile and notified the appellee of the proceeding, the latter filed in the district court the petition for injunction in this case, and alleged in brief that he had paid to the appellant all the installments due up to the date of the filing of the proceeding before the marshal, and deposited in the office of the clerk of the court the installments belonging to February, March, and April 1943, which completed the amount of the notes which matured after January 15, 1943; and prayed the court to grant a writ of injunction enjoining the appellant and the marshal from selling the automobile in question. He alleged, among other things, that the bond furnished by the appellant was null because its amount had not been fixed by the marshal, but accepted by the latter for the amount that the appellant had fixed, and he further alleged that the affidavit which the appellant had filed with the marshal was void because it had been signed before the Deputy Clerk of the District Court of San Juan, who, according to the appellee, lacked the power to authorize the affidavit, which he alleges is a private document, and furthermore because of the failure to affix to said document the 25 cents internal revenue stamp, and because the affidavit had not been entered in the registry of affidavits. He alleged in his complaint that because the proceeding established by law for the foreclosure of a chattel mortgage was a summary

one, he would suffer irreparable damages if his automobile were sold. Without hearing the defendants, the district court granted a preliminary writ of injunction and required the plaintiff to furnish bond for $150. It denied defendant's motion to quash the injunction, whereupon the defendant demurred and answer the complaint. After a trial, on December 22, 1943, the court granted a permanent writ of injunction against the appellant and the marshal enjoining them from selling appellee's automobile in chattel mortgage foreclosure proceeding and further ordered that the clerk of the court should deliver to the appellant the amount of $157.86 deposited by the appellee in its favor, imposing costs on the latter without including attorney's fees.

Section 678 of the Code of Civil Procedure provides in its pertinent part:

"An injunction cannot be granted:

"1. To stay a judicial proceeding which is being prosecuted at the time the action soliciting the injunction is filed unless the restraint is necessary to prevent a multiplicity of such proceedings."

Nowhere in the complaint is it alleged—nor has it been proved—that the writ of injunction sought by the appellee was necessary to avoid a multiplicity of proceedings. The irreparable damages which the appellee alleged he would suffer if the injunction sought were not granted, were not specifically alleged in the complaint not proved at the trial. Since the Mortgage Act provides a summary and speedy proceeding for the collection of the mortgage,[2] the appellant was

---

[2] Section 14 of the Act authorizing the Mortgaging of Personal Property, Act No. 19 of 1927, Session Laws; p. 490, 501, provides:

"The mortgagee may, after ten days from the time the condition is broken, cause the mortgaged property or any part thereof to be sold at public auction by the marshal of the district where the said mortgagor resides, or where the property is situated, provided that at least ten days' notice of the time, place and purpose of such sale has been posted at two or more public places in the district where the marshal has his office, and the mortgagee shall notify the mortgagor, or the person in possession of or in charge of the property, and also the persons holding subsequent mortgages that appear

entitled to avail itself of said proceeding, which was accepted by the appellee when he agreed to the contract of chattel mortgage. *Giménez et al.* v. *Brenes*, 10 P.R.R. 124. In its opinion the district court stated, among other things, that—

"The affidavit which defendant filed with the marshal requesting the latter to seize and sell said automobile, was sworn before the Deputy Clerk of the District Court of San Juan, it not appearing from the face of the affidavit, that it was entered in the registry of affidavits, nor that it was numbered, nor a 25¢ internal revenue

of record in the office of the registrar of property of the district where the original mortgage is recorded, of the time and place of sale, either by notice in writing directed to the mortgagor or left at his residence, if within the municipality, or sent by mail if he does not reside in such municipality, at least ten days previous to the sale.

"The marshal may be either the marshal of a municipal court or of a district court, in accordance with the jurisdictional amount involved, as now provided by law, and the sale must be made in the office of the marshal. The marshal, on demand of the mortgagee, when accompanied by a certified copy of the mortgage with a note of the registrar of property showing its inscription in the registry, shall take immediate possession of the property mortgaged and sell the same as provided in this Act, whether or not there has been any writ of execution or court proceeding, but if no writ of execution has been issued, the marshal may require for his own protection a bond of the mortgagee in such amount as the marshal may think advisable, but in no event to exceed double the value of the property to be sold, and the marshal shall be relieved of all responsibility for any act of his done in connection with the said sale. The said bond shall be null and void after sixty days from the date of the sale unless the mortgagor shall, within the said period of sixty days, bring an action against the marshal for any act of his in connection with the said sale, but the marshal's liability shall in no case exceed the value of the property as stated in the mortgage.

"The marshal making the sale shall, within ten days thereafter, make a return of his proceedings and file the same in the office of the registry where the mortgage is recorded. The registrar of property shall record the said return and if the sale has been made by virtue of an order of execution issued by a court, then a copy of the said marshal's return shall be considered as a part of the costs of the sale which fees the marshal shall pay to the registrar of property. The return shall particularly describe the property sold and shall state the amount received for each article and shall operate as a discharge of the lien thereon created by the mortgage. The proceeds of such sale shall be applied to the payment first, of the costs and expenses of keeping and selling, and then to the payment of the demand or obligation secured by the mortgage, and the residue shall be paid to the persons holding subsequent recorded mortgages in their order, and the balance shall be paid on demand to the mortgagor."

stamp affixed thereto, and furthermore the said affidavit does not refer to a matter of public interest; the same defects appear from the bond filed with the marshal, the amount of which was not set by said officer.''

The alleged defects of the affidavit and bond, pointed out by the defendants and the court, do not exist. The marshal's acceptance of the bond for the amount in which it was executed, is equivalent to the fixing of that amount by the marshal himself. As to the incapacity of the Deputy Clerk of the District Court of San Juan to administer the oath in the affidavit filed with the marshal and the other defects of the affidavit pointed out by the judge of the lower court, they do not exist inasmuch as all these matters, with the exception of the entry of the affidavit in the registry of affidavits, were decided the other way in *Soto* v. *Treasurer*, 53 P.R.R. 904; and as to the fact that the number belonging to the affidavit does not appear from its face it does not necessarily mean that it was not entered in the registry. Every officer is presumed to comply with his duty and the fact that said number does not appear may be attributed to an inadvertence or oversight of the officer, for which reason if it is not affirmatively shown by the corresponding certificate that the affidavit was not recorded we must presume, under § 102 (15) of the Law of Evidence, that the officer complied with his duty and recorded the same. See by analogy *Franzeen* v. *Johnston*, 111 F. (2d) 817, 820 (1940).

Since § 678 of the Code of Civil Procedure prohibits the granting of the writ of injunction to stay a judicial proceeding when it is not required to avoid a multiplicity of suits, and since it has not been proved by the appellee that he would suffer irreparable damage by the sale of the automobile, we are of the opinion—without entering into the merits of the case as to the foreclosure of the mortgage because said proceeding is not before us—that the court erred in the

present case in granting the writ of injunction, thereby preventing the appellant from availing itself of the special proceeding to which it was entitled.

For the foregoing reasons the judgment appealed from must be reversed and the petition for injunction denied, with costs on the plaintiff without including attorney's fees.

